AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

5/9/2024

Clerk, U.S. District Court
By_____AA_____ Deputy Clerk

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 24-M-6124-01-GEB
The premises of 7515 W Taft St, room number 403, Wichita, )
Kansas as is further described in Attachment A. )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

The premises of 7515 W Taft St, room number 403, Wichita, Kansas as is further described in Attachment A.

located in the _____ District of _____Kansas_____, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 924(c) | Use or carry a firearm in relation to a drug trafficking crime |
| 21 U.S.C. 841 | Distribution of and Possession with Intent to Distribute a controlled substance—Methamphetamine |
| 21 U.S.C. 843 | Conspiracy to Distribute a controlled substance—methamphetamine |
| 21 U.S.C. 846 | |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Christopher R. Hehemann, TFO, HSI
Printed name and title

Sworn to me and signed before me via Facetime.

Date: 5/9/2024

_____
Judge's signature

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Christopher R. Hehemann, am a Detective with the Sedgwick County (Kansas) Sheriff's Office. At this time, I am also a Task Force Officer (TFO) with the United States Department of Homeland Security Investigations. As a law enforcement officer, I was assigned Sedgwick County Sheriff's Office Case Number 2024-00021384 and an investigation into the activities of JETT HAKAN WILLIAMSON. Based upon my investigation I have probable cause to believe that Mr. Williamson has committed offenses against the laws of the United States of America and that there is evidence of Mr. Williamson's criminal activity at the following location:

> Room number 403, located at and on the premises of 7515 W Taft St in Wichita, Sedgwick County, Kansas. 7515 West Taft, Wichita, Sedgwick County, Kansas, is a multi-room hotel structure, which is brown and yellow in color. Room 403 is located on the fourth floor of the structure. The numbers "403" are on a brown oval placard located directly east of the door. The placard is brown in color, with white trim, and the number "403" are white in color and run horizontally on the placard.

Because of the following facts, I ask the Court to authorize the search of this room for evidence listed in Attachment B. The basis for my probable belief is as follows:

On May 9, 2024, a Complaint and Affidavit was presented to the Honorable Gwynne E. Birzer, United States Magistrate Judge for the District of Kansas, alleging that Mr. Williamson committed the crimes of distribution of a controlled substance and using or carrying a firearm in relation to a drug trafficking crime. Magistrate Judge Birzer approved the filing of the Complaint finding that probable cause existed for the belief that those offenses had been committed by Mr. Williamson in United States District Court Case No. 24-M-6123-GEB.

This Complaint was filed based upon my interaction with Mr. Williamson on April 30, 2024, when I purchased a substance or mixture containing a detectable amount of methamphetamine and a firearm from Mr. Williamson while acting in an undercover capacity. Mr. Williamson and I communicated before this deal by text messages and phone calls. I met Mr. Williamson at the Comfort Inn and Suites located at 7856 East 36th Street North in Wichita, Sedgwick County, Kansas. Mr. Williamson explained he was currently living at the hotel in room 423.

Once this controlled purchase was completed, I took the evidence to a secure location. At this location the crystalline substance in the bags was tested by another officer utilizing a laser field test

via the "TacticID" machine. I know, based on training and experience, that this machine provides effective field-testing which can identify multiple legal and illegal substances. The results from the TacticID came back positive for a substance or mixture containing a detectable amount of methamphetamine inside both bags. Both bags (and contents) were weighed and found to have a net weight of 114 grams.

The handgun purchased from Mr. Williamson is described as a Kimber SOLO CARRY STS handgun. This handgun was test fired and determined to be a firearm as defined pursuant to Title 18, United States Code, Section 921(a)(3)(A).

Based on a record check I know that Mr. Williamson is a previously convicted felon who cannot legally be in possession of a firearm.

On May 9, 2024, while working in an undercover capacity, I organized another controlled purchase of five hundred (500) fentanyl pills and another quarter pound of methamphetamine from Mr. Williamson through text messages and phone calls. Mr. Williamson and I agreed to complete the controlled purchase for the price of $2,400 in United States currency.

Mr. Williamson asked me to go to the Comfort Inns and Suites located at 7515 West Taft Street, Wichita, Sedgwick County, Kansas. I arrived at the hotel with Sedgwick County Sheriff's Office Detective McCall who is also a Unites States Department of Homeland Security Investigations TFO.

Mr. Williamson exited the hotel and got into a Sedgwick County Sheriff's Office undercover vehicle. As Mr. Williamson was exiting the hotel, I saw that he was carrying a brown paper bag. Once Mr. Williamson was inside of the undercover vehicle, he removed a small brown cardboard box from the brown paper bag he was carrying.

Mr. Williamson handed the box to me and I handed him $2,400 in United States currency. I opened the box and noticed a plastic gallon sized bag with a white crystalline substance that I recognized and knew to be methamphetamine based on my training and experience. Also inside of the bag with the methamphetamine, there was a smaller plastic bag with small blue pills imprinted with "M30". I recognized and knew these to be counterfeit oxycodone laced with fentanyl, based on my training and experience. Outside the gallon bag, but still inside the cardboard box, there was another smaller plastic bag which held more blue fentanyl pills.

Mr. Williamson counted the United States currency while I looked over the product. While Mr. Williamson was counting the money, Detective McCall (in an undercover capacity) asked Mr.

Williamson if he had any other firearms to sell. Mr. Williamson told Detective McCall he always had firearms he could sell and he would send me some photos later.

Once the controlled purchase was completed, Mr. Williamson exited the vehicle and went back into the hotel. Mr. Williamson took the brown paper bag with him as he exited the vehicle and I could tell there was something heavy inside the bag from when Mr. Williamson picked it up and walked away. Detective Miller with the Wichita Police Department was in the hallway on the fourth floor of the hotel. Detective Miller saw Mr. Williamson enter room 403 with the brown paper bag.

The Sedgwick County Sheriff's Office Fugitive and Warrants team moved to room 403, knocked, and announced themselves. Mr. Williamson exited room 403 and was taken into custody on outstanding warrants through the United States of America, Sedgwick County Sheriff's Office and a parole violation warrant through Joplin, Missouri.

After taking Mr. Williamson into custody, warrant Deputies performed a protective sweep of the room. During this protective sweep, Deputies located STEVEN LOVEALL inside room 403. Mr. Loveall was detained and found in possession of a handgun. Mr. Loveall was also found in possession of the United States currency from the controlled purchase. Detective McCall knows Mr. Loveall to be involved in the distribution of controlled substances. In April of 2024, Detective McCall received a tip from the Department for Children and Families that referenced Mr. Loveall selling/ possessing methamphetamine, cocaine, and fentanyl.

Once the controlled purchase was completed, I took the evidence (from the May 9 controlled purchase) to a secure location. At this location, another officer utilizing a laser field test via the "TacticID" machine tested the crystalline substance in the bag. I know, based on my training and experience, this machine provides effective field-testing which can identify multiple legal and illegal substance. The results from the TacticID on the white crystalline substance came back positive for a detectable amount of methamphetamine.  The bag with the blue pills was removed from the bag with the methamphetamine. The bag containing the methamphetamine was weighed and found to have a net weight of 121 grams.

The blue pills were field tested using "MobileDetect" swab based testing. I know, based on my training and experience, this field test provides an effective field-test which can identify the presence of fentanyl. The swab was placed into one of the plastic bags making contact with the pills. The results from the MobileDetect on the pills came back positive for a detectable amount

of fentanyl. Both of the bags and their contents were weighed and found to have a net weight of 54 grams.

Based upon these facts I have probable cause to believe that there within room 403 is evidence of crime, contraband, fruits of crime, or other items illegally possessed, and/or property designed for use, intended for use, or used in committing a crime. More specifically, I am asking this Court to allow me to search for the following items in room 403:

1. Controlled substances, including but not limited to methamphetamine, M30 pills, fentanyl, oxycodone;

2. Firearms and/or ammunition;

3. Indicia of occupancy for room 403 at 7515 W. Taft St., Wichita, Kansas, including but not limited to identification documents, photographs of individuals in the room or on the premises, paperwork and receipts associated with renting/reserving the room, etc.;

4. United States currency;

5. A brown paper bag matching the description of the brown paper bag used during the May 9, 2024, controlled purchase;

6. Plastic baggies;

7. Digital scale(s) or other devices used to measure controlled substances or count pills;

8. Contact lists, address and/or telephone records, notations identifying any person engaged in the use, possession or distribution of methamphetamine or fentanyl; including but not limited to ledgers identifying the distribution of controlled substances, money owed for controlled substances, payments made for controlled substances, as well as the addresses, telephone numbers, or identifying information of co-conspirators, sources of supply, customers and other individuals or businesses connected with the sale or distribution of controlled substances;

9. Cellular telephones used to conduct the controlled purchases or to conduct other drug transactions and business by Mr. Williamson.

I request this search warrant in order to obtain evidence concerning the narcotics trafficking activities engaged in by JETT HAKAN WILLIAMSON. Through my training and experience, I know that person(s) involved in the distribution, possession and use of illegal drugs are commonly

known to possess United States currency from the sale of illegal drugs, indicia of occupancy (in any residence used for this activity and/or in which the person(s) live), names or addresses or transactional information of customers and suppliers along with telephone numbers of these same persons as well as cellular telephones used for conducting business. I have probable cause to believe that the items listed in Attachment B, will be located at the premises identified as 7515 West Taft Street, Wichita, Sedgwick County, Kansas, room 403, and that these items are evidence of criminal activity in violation of Title 21, United States Code, Sections 841, 843, 846 and Title 18, United States Code, Section 924(c).

_____
Christopher R. Hehemann
Task Force Officer
United States Department of Homeland
Security Investigations

Subscribed and sworn to via Facetime on this 9th day of May, 2024.

_____
HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge

**Attachment A**

Property to be Searched

Room number 403, located at and on the premises of 7515 W Taft St in Wichita, Sedgwick County, Kansas.  7515 West Taft, Wichita, Sedgwick County, Kansas, is a multi-room hotel structure, which is brown and yellow in color. Room 403 is located on the fourth floor of the structure. The numbers "403" are on a brown oval placard located directly east of the door. The placard is brown in color, with white trim, and the number "403" are white in color and run horizontally on the placard.

## Attachment B

## List of Items to Be Searched for and Seized

1. Controlled substances, including but not limited to methamphetamine, M30 pills, fentanyl, oxycodone;

2. Firearms and/or ammunition;

3. Indicia of occupancy for room 403 at 7515 W. Taft St., Wichita, Kansas, including but not limited to identification documents, photographs of individuals in the room or on the premises, paperwork and receipts associated with renting/reserving the room, etc.;

4. United States currency;

5. A brown paper bag matching the description of the brown paper bag used during the May 9, 2024, controlled purchase;

6. Plastic baggies;

7. Digital scale(s) or other devices used to measure controlled substances or count pills;

8. Contact lists, address and/or telephone records, notations identifying any person engaged in the use, possession or distribution of methamphetamine or fentanyl; including but not limited to ledgers identifying the distribution of controlled substances, money owed for controlled substances, payments made for controlled substances, as well as the addresses, telephone numbers, or identifying information of co-conspirators, sources of supply, customers and other individuals or businesses connected with the sale or distribution of controlled substances;

9. Cellular telephones used to conduct the controlled purchases or to conduct other drug transactions and business by Mr. Williamson.